

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

| | | | |
|---|---|---|---|
| *Harry M. Gruber*<br>*Assistant United States Attorney*<br>*Harry.Gruber@usdoj.gov* | *Mailing Address:*<br>*36 S. Charles Street, 4th Floor*<br>*Baltimore, MD 21201* | *Office Location:*<br>*36 S. Charles Street, 4th Floor*<br>*Baltimore, MD 21201* | *DIRECT: 410-209-4835*<br>*MAIN: 410-209-4800*<br>*FAX: 410-962-3910* |

May 31, 2019

Christian Bryan Lassiter
Assistant Federal Public Defender
Office of the Federal Public Defender for the District of Maryland
100 S. Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201

      Re:    <u>United States v. Kristy Stock</u>
             Crim. No.

Dear Counsel:

      This letter, together with the Sealed Supplement, confirms the plea agreement (this "Agreement") that has been offered to your client, Kristy Stock (hereinafter "Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. If this offer has not been accepted by June 3, 2019, it will be deemed withdrawn. The terms of the Agreement are as follows:

### Offense of Conviction

      1.    The Defendant agrees to waive indictment and plead guilty to a two count information, which will charge the Defendant in Count One with Interstate Transportation of Stolen Goods, in violation of 18 U.S.C. § 2314, and in Count Two with Tax Fraud, in violation of 26 U.S.C. § 7206(1). The Defendant admits that the Defendant is, in fact, guilty of the offense and will so advise the Court.

### Elements of the Offense

      2.    The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

<u>Count One - Interstate Transportation of Stolen Goods</u>

      First, that goods, wares, merchandise, securities, or money were stolen, converted, or taken by fraud;

1

Second, that the defendant transported, transmitted, or transferred (or caused to be transported or transmitted) the property in interstate or foreign commerce;

Third, that at the time of the transportation or transmission, the defendant knew the property was stolen, converted, or taken by fraud; and

Fourth, that the value of the property was at least $5,000.

Count Two – Tax Fraud

First, that the Defendant made, or caused to be made, and subscribed and filed an income tax return for the year in question that was false as to a material matter;

Second, that the return contained a written declaration that it was made under penalties of perjury;

Third, that the Defendant did not believe the return to be true and correct as to every material matter; and

Fourth, that the Defendant acted willfully.

Penalties

3. The maximum penalties provided by statute for the offenses to which the Defendant is pleading guilty are as follows:

| Count | Statute | Minimum Prison | Maximum Prison | Supervised Release | Maximum Fine | Special Assessment |
|---|---|---|---|---|---|---|
| 1 | 18 U.S.C. § 2314 | N/A | 10 years | 3 years | $250,000 or twice the gain or loss from the offense | $100 |
| 2 | 26 U.S.C. § 7206(1) | N/A | 3 years | 1 year | $100,000 | $100 |

    a. Prison: If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

    b. Supervised Release: If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant

returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

        c.      Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

        d.      Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

        e.      Forfeiture: The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

        f.      Collection of Debts: If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes this Office to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by this Office.

<u>Waiver of Rights</u>

4.      The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

        a.      If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

        b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c. If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

d. The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

e. If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

g. If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

### Advisory Sentencing Guidelines Apply

5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant stipulate and agree to the Statement of Facts set forth in Attachment A, which is incorporated by reference herein.

    a. As to Count One, the parties stipulate and agree that U.S.S.G. § 2B1.1 applies to this offense, resulting in a base offense level of six (6). The parties further stipulate and agree that the offense involved losses that were more than $550,000 and less than $1,500,000, resulting in a fourteen (14) level increase in the offense level. The parties further stipulate and agree that pursuant to § 3B1.3, the offense level should be increased by two (2) levels for the Defendant's abuse of a position of trust as a school district administrator, resulting in a final offense level of twenty-two (22).

    b. As to Count Two, the parties stipulate and agree that U.S.S.G. § 2T1.1 and 2T4.1 apply to her offense, resulting in an offense level of eighteen (18) because the reasonably foreseeable tax loss associated with the Defendant's tax offense and relevant conduct was between $250,000 and $550,000. This offense level is increased by two (2) levels pursuant to 2T1.1(b)(1) because the defendant failed to report income exceeding $10,000 in any year from criminal activity, resulting in an adjusted offense level of twenty (20) for Count Two.

    c. The parties further stipulate and agree that pursuant to U.S.S.G. § 3D1.2(d), Counts One and Two are grouped together, and that pursuant to U.S.S.G. § 3D1.3(a), the highest offense level of the counts in the Group shall be used. In this case, this results in a combined applicable offense level of twenty-two (22).

    d. This Office does not oppose a two-level reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a), based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's acceptance of personal responsibility for the Defendant's conduct. This Office may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and may decline to make a motion pursuant to U.S.S.G. § 3E1.1(b), if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in

any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way.

7. There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level. Specifically, the Defendant understands that the Defendant's criminal history could alter the final offense level if the Defendant is determined to be a career offender or if the instant offense was a part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

8. Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

## Obligations of the Parties

9. At the time of sentencing, this Office and the Defendant reserve the right to advocate for a reasonable sentence, period of supervised release, and/or fine considering any appropriate factors under 18 U.S.C. § 3553(a). The parties agree to provide opposing counsel with any information that will be used and/or relied upon at sentencing no less than fourteen (14) days prior to sentencing, and agree that if this condition is not met, the opposing party will not oppose a continuance of sentencing. This Office and the Defendant reserve the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct that this Office or the Defendant deem relevant to sentencing.

## Waiver of Venue

10. The Defendant understands that she would have a right to challenge the prosecution of Count Two in the District of Maryland based on whether she committed such acts in Maryland so as to give rise to venue in this District. The Defendant hereby waives any and all objections she has or may have to venue in the District of Maryland for the tax offense set forth in Count Two, and agrees that her tax offense should be resolved in this District.

## Waiver of Appeal

11. In exchange for the concessions made by this Office and the Defendant in this Agreement, this Office and the Defendant waive their rights to appeal as follows:

a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute, to the extent that such challenges legally can be waived.

i.   The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742, or otherwise, to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except the Defendant reserves the right to appeal any sentence that exceeds the statutory maximum.

b.   The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Forfeiture

12.   The Defendant understands that the Court will enter an Order of Forfeiture as part of the Defendant's sentence, and that the Order of Forfeiture will include assets directly traceable to the offense in Count One, substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense, including a sum of money equal to the value of the proceeds of the offense, which amount is **at least $800,000**. If specific direct or substitute assets are forfeited and liquidated, any net proceeds of the asset shall be applied to the money judgment. If this case also includes a restitution order, the United States will file a petition for restoration seeking to have net forfeiture proceeds applied to restitution. The decision as to whether to grant that petition rests with the Attorney General or his designee, and this Office cannot guarantee that any petition will be granted.

13.   Specifically, but without limitation on the Government's right to forfeit all property subject to forfeiture as permitted by law, the Defendant also agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following items that the Defendant agrees constitute money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's illegal activities:

a.   The proceeds of Four Corners Community Bank cashier's check number 065093, dated November 30, 2018, and payable to the Treasury Department – Internal Revenue Service in the amount of $32,995.31.

14.   The Defendant agrees to consent to the entry of orders of forfeiture for the property described herein and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding forfeiture during the change of plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

15.   The Defendant agrees to assist fully in the forfeiture of the above property. The Defendant agrees to disclose all assets and sources of income, to consent to all requests for access to information related to assets and income, and to take all steps necessary to pass clear title to the

forfeited assets to the United States, including executing all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are made available for forfeiture.

16. The Defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable, statutory, or administrative grounds brought by any means, including through direct appeal, habeas corpus petition, or civil complaint. The Defendant will not challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with any challenge or review or any petition for remission of forfeiture.

### Restitution

17. The Defendant agrees to the entry of a Restitution Order for the full amount of the actual losses associated with Count One, which the parties stipulate is **at least $800,000**. The Defendant agrees that, pursuant to 18 U.S.C. § 3663 and 3663A and § 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation. If restitution is not paid by the date of sentencing, the Defendant further agrees that the Defendant will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement.

### Collection of Financial Obligations

18. The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. If restitution is not paid by the date of sentencing, in order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. If restitution is not paid by the date of sentencing, the Defendant will promptly submit a completed financial statement to the United States Attorney's Office, in a form this Office prescribes and as it directs. The Defendant promises that any financial statement and disclosures the Defendant submits will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine.

### Defendant's Conduct Prior to Sentencing and Breach

19. Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal,

state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, this Office, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

20. If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) this Office will be free from its obligations under this Agreement; (ii) this Office may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any criminal or civil proceeding, this Office will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A determination that this Office is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement.

## Court Not a Party

21. The Court is not a party to this Agreement. The sentence to be imposed is within the sole discretion of the Court. The Court is not bound by the Sentencing Guidelines stipulation in this Agreement. The Court will determine the facts relevant to sentencing. The Court is not required to accept any recommendation or stipulation of the parties. The Court has the power to impose a sentence up to the maximum penalty allowed by law. If the Court makes sentencing findings different from those stipulated in this Agreement, or if the Court imposes any sentence up to the maximum allowed by statute, the Defendant will remain bound to fulfill all of the obligations under this Agreement. Neither the prosecutor, defense counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Resignation

22. The Defendant further agrees that she will terminate her employment with the Central Consolidated School District in New Mexico no later than August 6, 2019.

## Entire Agreement

23. This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case. This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between this Office and the Defendant. There are no other agreements, promises, undertakings, or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement. No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Robert K. Hur
United States Attorney

Harry M. Gruber
Assistant United States Attorney

    I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

06.03.19
Date

Kristy Stock

    I am the Defendant's attorney. I have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant. The Defendant advises me that the Defendant understands and accepts its terms. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

6/3/19
Date

Christian Bryan Lassiter, Esq.

## ATTACHMENT A

## STIPULATION OF FACTS

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Defendant Kristy Stock worked for the Central Consolidated School District in New Mexico (hereinafter "School District") during at least the time period 2010 to 2019 as a program supervisor. In her job, Stock was responsible for overseeing a program to provide Apple iPods to school children, with the intent of benefiting Native American children living in New Mexico on tribal reservations.

On behalf of the school district, Stock directed that federal grant monies be used to make bulk purchase orders of iPods, ranging from 100 – 250 units per order, two to three times each year. The iPods were intended to be distributed to the School District's students for use in the math and reading programs. During the time period 2013 to 2018, Stock stole, converted, and took by fraud more than 3,000 iPods purchased by the School District and caused them to be resold for Stock's benefit. From October 2015 to 2018, Stock sold the stolen iPods exclusively to a Maryland business (hereinafter identified as Company 1), which was operated by Person #1 and Person #2.

Beginning in or about October 2015 and continuing through in or about October 2018, Stock regularly transferred stolen iPods to Company 1 on a monthly basis. Stock would remove as many iPods as she wanted to sell from the School District storage location, and sent them via the U.S. Mail from New Mexico to Person #1's residence in Berlin, Maryland, so they could be resold by Company 1. The Defendant sold the iPods for approximately 2/3 of the price that the School District had paid, which varied by model.

The Defendant stipulates that she knowingly and willfully filed false tax returns for the calendar years 2012-2017, which failed to report significant amounts of taxable income. The Defendant admits that her tax returns for these years caused a tax loss to the United States of $270,821. For example, for the the 2016 tax year, the Defendant failed to report $135,250 in gross receipts from sales of iPods, resulting in a tax loss of $44,769. Similarly, for the 2015 tax year, the Defendant failed to report $134,980 in gross receipts from sales of iPods, resulting in a tax loss of $44,596.

Overall, the Defendant stipulates that she received more than $800,000 in illegal proceeds for selling stolen iPods that were worth more than $1,000,000.

Revised January 2011

**SO STIPULATED:**

_____
Harry M. Gruber
Assistant United States Attorney


_____
Kristy Stock
Defendant


_____
Christian Bryan Lassiter, Esq.
Counsel for Defendant

Revised January 2011