# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. CCB-19-0309 |
| KRISTY STOCK, | * | |
| Defendant | * | |

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on June 21, 2019, the United States of America filed an Information, charging Kristy Stock (the "Defendant") with Interstate Transportation of Stolen Goods, in violation of 18 U.S.C. § 2314 (Count One), and Tax Fraud, in violation of 26 U.S.C. § 7206 (Count Two);

WHEREAS, the Information also included a forfeiture allegation, pursuant to 18 U.S.C. § 982 and 21 U.S.C. § 853,[1] which provided notice that the United States intended to seek forfeiture, upon conviction of the Defendant, of the offense alleged in Count One of the Information;

WHEREAS, on July 16, 2019, the Defendant pled guilty to the offenses alleged in Counts One and Two of the Information;

WHEREAS, as part of her guilty plea, the Defendant agreed to forfeit to the United States all right, title, and interest in the following items that the Defendant agreed constitute

---

[1] As reflected herein, the applicable forfeiture statutes are 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, which provide for criminal forfeiture of "any property, real or personal, which constitutes or is traceable to a violation of a conspiracy to commit [a specified unlawful activity]." Minor differences from the statutes cited in the Information are harmless and do not negate otherwise adequate notice.

money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's Count One offense:

    (1)    The proceeds of Four Corners Community Bank cashier's check number 065093, dated November 30, 2018, and payable to the Treasury Department - Internal Revenue Service in the amount of $32,995.31, currently on deposit in the Treasury Forfeiture Fund Suspense Account (Asset ID: 22-IRS-000037, hereinafter the "Subject Property"); and

    (2)    A money judgment equal to the value of the proceeds of the offense, which amount is at least $800,000.

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture imposing a money judgment in the amount of $874,000 and forfeiting all of the Defendant's right, title, and interest in the Subject Property;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.    The United States' Motion for a Preliminary Order of Forfeiture is GRANTED.

2.    Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $874,00.00 in U.S. currency is hereby entered against the Defendant.

3.    The Defendant shall remain personally liable until the judgment is satisfied. The value of any substitute assets shall be credited toward the satisfaction of the money judgment. Likewise, the value of any directly forfeitable property that is forfeited as the proceeds of the offense shall also be credited toward the satisfaction of the money judgment, but property forfeited as property used to commit or to facilitate the commission of the offense shall not be so credited.

4. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Subject Property and the Count One offense to which the Defendant pled guilty.

5. Accordingly, all of Defendant's interests in the Subject Property are hereby forfeited to the United States for disposition pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Subject Property and maintain it in its secure custody and control.

7. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

8. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Subject Property.

9. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Subject Property to be forfeited.

10. Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Subject Property, shall, within sixty (60) days after the first day of publication on the government forfeiture

website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court for the District of Maryland, requesting a hearing to adjudicate the validity of his or her interest in the Subject Property; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

11. Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States shall have clear title to the Subject Property.

12. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of her sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against her.

13. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

14. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend

this Order, or enter other orders as necessary, to forfeit additional specific property or substitute property when identified.

                                                                            _____
                                                                            Honorable Catherine C. Blake
                                                                            United States District Judge

Dated: _____